PeaRsoh, C. J.
 

 We think the affidavit was sufficient to •authorise the order, allowing the trustees of the University to take the deposition of Sarah Pope and Barbara Goodwin, who ■are co-defendants, subject to all just exception.
 

 It is settled that one cannot object to being examined as a witness, on the ground, that his evidence will expose him to a debt or civil action, or to a civil liability, other than a forfeiture or penalty;
 
 Jones
 
 v.
 
 Lanier,
 
 2 Dev. Rep. 481;
 
 Harper
 
 v.
 
 Burrow,
 
 6 Ire. 30. Doubts were, at one time, entertained upon this question in courts of law, but it has always been the practice in Equity to compel a discovery, notwithstanding the matter disclosed would prejudice the interest of the party, and he could demur to the discovery only when it would subject him to a penalty, forfeiture, or criminal prosecution. It is admitted, that a plaintiff can compel such discovery from a defendant, and the defendant can, by a cross bill, compel a like discovery from the .plaintiff er'aco-defend-
 
 *68
 
 ant. In our case, the trustees of the University may compel a discovery from their co-defendants, Sarah Pope and Barbara Goodwin, by a cross bill, but the discovery could only be used against them, and would not be evidence against the plaintiffs, because they would have no opportunity to cross-examine, and the purpose of taking their depositions, is to make it evidence against the plaintiffs. If, as we have seen, Sarah Pope and Barbara Goodwin cannot refuse to give testimony, because it would prejudice their interests, we are at a loss to see any ground on which the plaintiffs can base an objection to it, as they will have an opportunity to cross-examine, and may thereby eviscerate the facts more fully, than can be done by a discovery in an answer, and the fact, that their answer, to a cross bill, would not be evidence against the plaintiff, shows the propriety of taking their depositions ; for otherwise, the facts within their knowledge, which it is alleged are material, cannot be made evidence so as to affect the plaintiffs.
 

 Our attention was called to the form of the usual affidavits in such cases, where it is set out that the party, whom it is proposed to examine, is “ not concerned in interest.” The words are explained in
 
 Maitland
 
 v.
 
 Williams,
 
 1 Ire. Eq. at page 106 :
 
 “
 
 It will be a good exception, (at the hearing) that the witness has an interest in the mat'ters examined to, and if this appears, his deposition cannot be read.
 
 Moyo, the interest which forms the subject of exception to a
 
 witness,
 
 always means an interest adverse to the exceptamt. It would be a singular objection to the reception of testienomj, that he who testifies has am,
 
 interest,
 
 which may bias him in favor of the
 
 objector.” In our case, it is a singular objection for the plaintiffs to make, that Sarah Pope and Barbara Goodwin are concerned in interest with them ; and may be under a bias against the trustees of the University, at whose instance they are to be examined against their own interest!! In England, a defendant may now be examined on the side of his interest. 6 and 7 Victoria, ch. 85, sec. 1, provides, “ that in' courts of equity, any defendant maj’’ be examined as a witness, saving just exceptions, and that any interest he may have shall not
 
 *69
 
 be deemed a just exception to his testimony, hut shall only be considered as affecting,-or
 
 tending
 
 to
 
 affect,
 
 his credit.” Showing that the words, “ not concerned in interest,” are used in the sense of interest on the side of the party, who seeks to have his deposition taken. Adams’ Equity, 365.
 

 Per Curiam, Decretal order affirmed.